IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CTC COMMUNICATIONS GROUP, INC.,<br>CTC COMMUNICATIONS CORP.,<br>CTC COMMUNICATIONS OF VIRGINIA, INC., AND CTC COMMUNICATIONS LEASING CORP.,<br><br>            Debtors. | Chapter 11<br><br>Case No. 02-12873 (PJW)<br><br>(Jointly Administered) |
| THE CTC LITIGATION TRUST,<br><br>            Plaintiff,<br><br>       v.<br><br>ICORE, INC.,<br><br>            Defendant. | Adversary Proceeding No. _____ |

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF**

The CTC Litigation Trust (the "Trust"), by and through its undersigned counsel, hereby complains against Icore, Inc. (the "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, because it arises in and is related to the Chapter 11 case, In re CTC Communications, Group Inc., et al., Case No. 02-12873, pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (F) and (O).

508190.1 9/27/04

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. The Trust was created pursuant to the Debtors' (defined below) Second Amended Joint Plan of Reorganization (the "Plan").[1] Pursuant to the Plan, the Trust is authorized to, among other things, resolve, liquidate and realize upon certain assets as the successor to and representative of the Debtors' bankruptcy estates. These assets include, without limitation, certain causes of action arising under Chapter 5 of the Bankruptcy Code (collectively, the "Retained Actions").

5. Upon information and belief, Defendant is a resident of 326 S. Second Street, Emmaus, PA 18049.

## FACTUAL ALLEGATIONS

6. On October 3, 2002 (the "Petition Date"), CTC Communications Group, Inc. and certain affiliates (collectively, the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

7. On or within ninety (90) days prior to the Petition Date (the "Preference Period"), one or more of the Debtors transferred its property to or for the benefit of the Defendant in the aggregate amount of at least $7,800.99 (the "Transfers"), as set forth in Exhibit A hereto.

8. Defendant was, at all material times, a creditor of the Debtors.

9. Upon information and belief, the Debtors made each of the Transfers to the Defendant on account of an antecedent debt owed by the Debtors to the Defendant.

---

[1] The Plan was confirmed by an order of this Court dated November 20, 2003 (the "Confirmation Order"), and became effective as of December 16, 2003 (the "Effective Date").

508190.1 9/27/04

2

10. The Debtors were insolvent at the time they made each of the Transfers to the Defendant.

11. With respect to each of the Transfers, the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) this case were a case under Chapter 7 of the Bankruptcy Code, (b) the Transfer had not been made, and (c) the Defendant received payment of its debt to the extent provided under the provisions of the Bankruptcy Code.

12. On or around July 14, 2004, counsel for the Trust sent a letter (the "Demand Letter") to the Defendant demanding that the Defendant return $7,800.99 to the Trust.

13. As of the date hereof, the Defendant has not returned $7,800.99 to the Trust.

## COUNT I
### (Avoidance and Recovery of Preferential Transfers under 11 U.S.C. §§ 547 and 550)

14. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 13 of this Complaint.

15. Section 547(b) of the Bankruptcy Code renders avoidable by the Trust any:

> transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> > (A) on or within 90 days before the date of the filing of the petition;
>
> * * * *
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> > (A) the case were a case under chapter 7 of this title;

   (B) the transfer had not been made; and

   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

16. The Trust is entitled to avoid each of the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

17. The Trust is entitled to recover from Defendant the value of each of the Transfers pursuant to Section 550(a)(1) of the Bankruptcy Code.

## COUNT II
### (Avoidance and Recovery of Fraudulent Transfers under 11 U.S.C. §§ 548(a) and 550)

18. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 17 of this Complaint.

19. The Transfers were made within one (1) year of the Petition Date.

20. The Transfers constituted a transfer of an interest of property of the Debtors.

21. Upon information and belief, the Transfers constitute a fraudulent transfer within the meaning of 11 U.S.C. § 548(a), in that they:

  (a) were made with actual intent to hinder, delay or defraud entities to whom the Debtors were or became, on or after the date of the Transfers, indebted; and/or

  (b) resulted in the Debtors receiving less than reasonably equivalent value in exchange for the Transfers, and (i) the Debtors were insolvent at the time of the Transfers or became insolvent as a result of the Transfers, (ii) the Debtors were engaged or were about to engage in business or a transaction for which the Debtors' remaining capital was reasonably small, and/or (iii) the Debtors intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

22. The estate and creditors of the Debtors have been damaged as a result of the Transfers.

23. The Trust is entitled to avoid the Transfers under 11 U.S.C. § 548(a)(1) and to recover the Transfers, or the value thereof, under 11 U.S.C. § 550(a)(1).

## COUNT III
### (Avoidance of Transfer as Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and 550, UFCA § 4 and UFTA § 5(a))

24. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 23 of this Complaint.

25. Upon information and belief, the Transfers constitute a fraudulent transfer within the meaning of 11 U.S.C. §§ 544 and 550, UFCA § 4 and UFTA § 5(a), in that they:

> (a) were made with actual intent to hinder, delay or defraud entities to whom the Debtors were or became, on or after the date of the Transfers, indebted; and/or
>
> (b) resulted in the Debtors receiving less than reasonably equivalent value and/or fair consideration in exchange for the Transfers, and (i) the Debtors were insolvent at the time of the Transfers or became insolvent as a result of the Transfers, (ii) the Debtors were engaged in business and/or in business transactions for which the Debtors' remaining capital was unreasonably small, and/or (iii) the Debtors intended to incur, or reasonably should have believed that they would incur, debts beyond their ability to repay as they become due.

26. Accordingly, the Trust may avoid the Transfers under 11 U.S.C. § 544 and applicable non-bankruptcy law and may recover the Transfers and other damages from Defendant pursuant to 11 U.S.C. § 550 and applicable non-bankruptcy law.

## COUNT IV
### (Disallowance of Claims)

27. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 26 of this Complaint.

28. Section 502(d) of the Bankruptcy Code provides that:

> [n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or

      that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

29.    Any claim(s) of the Defendant against the Debtors must be disallowed under Section 502(d) of the Bankruptcy Code until the Defendant pays to the Trust the value of the Transfers.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the Trust respectfully requests that the Court:

A.    Enter judgment in favor of the Trust on Count I, avoiding and recovering the Transfers as a preferential transfer under 11 U.S.C. §§ 547 and 550;

B.    Enter judgment in favor of the Trust on Count II, avoiding and recovering the Transfers as fraudulent transfers under 11 U.S.C. §§ 548 and 550;

C.    Enter judgment in favor of the Trust on Count III, avoiding and recovering the Transfers as fraudulent transfers under 11 U.S.C. §§ 544 and 550 and UFCA § 4 and UFTA § 5(a);

D.    Enter judgment in favor of the Trust on Count IV, disallowing any claim(s) of the Defendant against the Debtors pursuant to 11 U.S.C. § 502(d);

E.    Award pre-judgment interest and the cost of this adversary proceeding, including reasonable attorneys' fees, to the Trust through and including trial and any subsequent appeal; and

F.  Grant such further relief to the Trust as the Court deems equitable and just.

                                        **THE CTC LITIGATION TRUST**

                                        By its attorneys,

                                        _____
                                        Mark Minuti (No. 2659)
                                        Linda Richenderfer ( No. 4138)
                                        Chad J. Toms (No. 4155)
                                        Patrick J. Reilley (No. 4451)
                                        **SAUL EWING LLP**
                                        222 Delaware Avenue, Suite 1200
                                        P.O. Box 1266
                                        Wilmington, DE  19899
                                        (302) 421-6800

                                                   -and-

                                        William R. Baldiga
                                        Robert L. Harris
                                        **BROWN RUDNICK BERLACK ISRAELS LLP**
                                        One Financial Center
                                        Boston, MA 02111
                                        (617) 856-8200

Dated:  September 28, 2004